UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD J. "SKIP" RILEY, JR.

       Plaintiff,                     Case No.  3:14-cv-1178-J-39MCR

v.

NATIONAL ASSOCIATION OF MARINE
SURVEYORS, INC., and SOCIETY OF
ACCREDITED MARINE SURVEYORS, INC.,

       Defendants.

_____/

## SOCIETY OF ACCREDITED MARINE SURVEYORS' RESPONSE TO THIS COURT'S ORDER DE #83

Defendant, Society of Accredited Marine Surveyors, Inc., (hereafter SAMS) by and though undersigned counsel hereby responds to this Court's Order DE 83 regarding applying Florida substantive law to the issues of negligent infliction of emotional distress and intentional inflictions of emotional distress addressed in Defendant SAMS' Motion to Dismiss Plaintiff Riley's Second Amended Complaint and states as follows:

### FLORIDA'S CONFLICT OF LAWS RULES APPLY

"A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state.  Estate of Miller v. Thrifty Rent-A-Car Sys., 609 F. Supp. 2d 1235 (M.D. Florida 2009) (citing: Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941); Grupa Televisa,  [1244]  S.A. v. Telemundo Commc'ns, 485 F.3d 1233, 1240 (11th Cir. 2007); Piamba Cortes v. Am. Airlines, Inc., 177 F.3d 1272, 1296-97 (11th Cir. 1999))."

As Florida is the forum state, the conflict-of-laws rules for the State of Florida apply to this matter.

## FLORIDA LAW APPLIES
## FOR ISSUES SOUNDING IN TORT

"As a preliminary matter, the court must characterize the legal issue and determine whether it sounds in torts, contracts, property law, etc. Once it has characterized the legal issue, it determines the choice of law rule that the forum state applies to that particular type of issue." Id citing Grupa Televisa, S.A., 485 F.3d at 1240 (citing Acme Circus Operating Co., Inc. v. Kuperstock, 711 F.2d 1538, 1540 (11th Cir. 1983)).

In the instant matter, this Court has determined the issue to be in tort, specifically Counts 6 and 7 of Plaintiff's Second Amended Complaint . [DE 56].   Count 6 alleges Negligent Infliction of Emotional Distress and Count 7 alleges Intentional Infliction of Emotional Distress. Therefore, the Court must now apply the choice of law rule that Florida applies to torts.

Florida has determined, "Instead of clinging to the traditional lex loci delicti rule, we now adopt the "significant relationships test" as set forth in the Restatement (Second) of Conflict of Laws §§ 145-146 (1971)  Bishop v. Fla. Specialty Paint Co., 389 So. 2d 999 (Fla. 1980).

Restatement (Second) of Conflict of Laws § 145.  "The General Principle:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of §6 to determine the law applicable to an issue include:

    (a) the place where the injury occurred,

    (b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of

business of the parties, and

(d) the place where the relationship, if any, between the parties is centered."

(Section 146 of the Restatement pertains only to personal injury claims and is not relevant

to the discussion here.)

The place where the alleged injury occurred, where the alleged conduct causing the injury

occurred, the place of incorporation of SAMS, and the place where the relationship between the

parties is centered is Florida.  This matter has already been settled by the Court in Hawaii when

deciding the proper venue for this action.  The inquiry undertaken by the Hawaii court parallels

the issues here.

As stated in its Order Granting in Part and Denying in Part Defendant's Society of

Accredited Marine Surveyors, Inc.'s Motion to Dismiss Complaint Filed March 17, 2014; and

Transferring Case to the Middle District of Florida  [DE 31, p12-13]:

> ***"Similarly, the Court finds that SAMS did not purposefully direct its actions,***
>
> ***which gave rise to the Plaintiff's tort claims, at Hawaii.***  The Ninth Circuit has
>
> held that to prove purposeful availment in the tort context, "the Defendant
>
> allegedly must have (1) committed an intentional act, (2) expressly aimed at the
>
> forum state, (3) causing harm that the Defendant knows is likely to be suffered in
>
> the forum state."  Brayton Purcell LLP v. Reacordon & Recordon, 606 F.3d 1124,
>
> 1128 (9th Cir. 2010) (citation and internal quotation marks omitted).  There is
>
> nothing in the Complaint (or in Plaintiff's supporting documents) that shows
>
> SAMS expressly airmed its actions at the forum state.  Thus, the court finds that
>
> Plaintiff fails to satisfy the purposeful direction prong of the specific jurisdiction
>
> test."  (Emphasis added)

The Hawaii court also stated, "Finally, since SAMS has no presence in Hawaii, it has not purposefully injected itself here, most witnesses and evidence is in Florida , and there are alternate forums, it would be unreasonable for this Court to exercise jurisdiction over SAMS under the circumstances of this case." [DE 31, p. 14].

Although general and subject matter jurisdiction and venue are not at issue here, the holding of the Hawaii Court sets forth the law of the case guiding this Court to find all events relevant to determining law to be applied occurred here is Florida.

<u>CONCLUSION</u>

Florida substantive law governs specifically with respect to Plaintiff's tort claims of negligent infliction of emotional distress and intentional infliction of emotional distress.  As already decided by the Court in Hawaii, the alleged injury occurred in Florida, the conduct which led to the alleged injury occurred in Florida, and the relationship between the parties is centered in Florida.  Therefore, Florida law must govern with respect to the issues of intentional and negligent infliction of emotional distress.

WHEREFORE, Defendant Society of Accredited Marine Surveyors, Inc., hereby moves this Court to dismiss all claims brought by Plaintiff with prejudice and to award attorneys' fees and costs to Defendant SAMS.

Dated June 8, 2015

s/ *Joanne M. Foster*

_____
Joanne M. Foster
FBN 134635
Guy Yudin & Foster, LLP
55 East Ocean Blvd.
Stuart FL 34994
772-286-7372
772-220-3318
jfoster@guyyudinlaw.com

## <u>CERTIFICATE OF SERVICE</u>

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF or U.S. Mail on Friday, June 8, 2015, on all counsel or parties of record on the Service List below.

s/ ***Joanne M. Foster***

_____

## <u>CM/ECF SERVICE LIST</u>

Jineane R. McMinn, Esquire
1701 The Greens Way #1731
Jacksonville Beach, Florida 32250
Ph: (904) 349-1566
Fax: (904) 737-0920
jineanemcminn@gmail.com
Attorney for Plaintiff Donald J. "Skip" Riley

Lahela H. Hite
O'Connor Playdon & Guben
Pacific Guardian Center Makai Tower
733 Bishop St
24th Floor
Honolulu, HI 96813
808-524-8350
lhh@opglaw.com
Attorney for Plaintiff Donald J. "Skip" Riley

Mr. Phillip S. Howell
Ashley M Johnson
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, PLC
620 E. Twiggs Street, Suite 300
Tampa, Florida 33602
Telephone: (813) 977-1200
Facsimile: (813) 977-1277
phowell@gjtbs.com
ashleyjohnson@gallowayjohnson.com
Attorneys for Defendant NAMS

Joanne M. Foster
Guy Yudin & Foster, LLP
55 East Ocean Blvd.
Stuart FL 34994
772-286-7372
772-220-3318 Fax
jfoster@guyyudinlaw.com
Attorney for Defendant SAMS